IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TINA ROSHEA HAYES, § | |
|     PLAINTIFF, § | |
| § | |
| VS. § | CIVIL ACTION _____ |
| § | JURY DEMANDED |
| § | |
| ATRIA MANAGEMENT COMPANY, LLC § | |

**PLAINTIFF TINA ROSHEA HAYES',
ORIGINAL COMPLAINT AND JURY DEMAND**

**NOW COMES,** Tina Roshea Hayes, hereinafter called Plaintiff, complaining of and about Atria Management Company, LLC, Inc. hereinafter called Defendant, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.  Plaintiff Tina Roshea Hayes is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2.  Defendant, Atria Management Company, LLC, Inc., a Texas corporation is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

**JURISDICTION**

3.  The action arises under the Civil Rights Act of 1964, Title VII §701, 42 U.S.C. §2000e et. seq. as amended by the Civil Rights Act of 1991, Title I, § 104, 109(a) as hereinafter more fully appears.

4.  The Court has supplemental jurisdiction over state law claims discussed below

1

under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7. Atria Management Company, LLC is a retirement home. The Plaintiff was employed with Atria Management Company, LLC from May 10, 2010 through August 2012. Throughout the Plaintiff's employment with Atria Management Company, LLC, she was seen as an exceptional employee and had received raises throughout the years. However, during the month of July 2012, the Plaintiff was retaliated against for making an outcry regarding a patient.

Specifically, on or about July 28, 2012, one of the contract workers for Atria Management Company, LLC informed the Plaintiff that one of the patients at Atria Management Company, LLC, stated that she had been raped. After hearing the information regarding the rape, the Plaintiff immediately informed her supervisor on duty, and contacted her direct supervisor as well.

On July 30, 2102, after reporting the incident, the Plaintiff was instructed to write a statement, and was told that the matter would be investigated. On August 03, 2012 the Plaintiff was called into the office of her supervisor, and was told that she was being fired.

Currently, there are also very few African American working for Atria Management

Company, LLC, especially in upper management. The Defendant has a hertory of treating its' African American employees in a discriminatory manner by denying upper level positions to African Americans.

## RESPONDEAT SUPERIOR AND RATIFICATION

8. Whenever in the complaint it is alleged that the Defendant, Atria Management Company, LLC, Inc., did any act or thing, it is meant that the Defendant's officer's agents, servants, employees, or representatives did such act and/or that at the time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officer's, agents, servants, employees, or representatives.

## CONSTRUCTIVE DISCHARGE

9. Defendant made the working conditions so intolerable that Plaintiff felt compelled to resign her position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT

10. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## RETALIATION BY DEFENDANT

11. Plaintiff alleges that Defendant instituted a campaign of retaliation. Which include:

* firing Plaintiff;

* denying Plaintiff promotions; and

* intentionally reprimanded Plaintiff for acts she did not commit.

Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

12. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

c. All reasonable and necessary costs incurred in pursuit of ther suit;

d. Emotional pain and suffering;

e. Expert fees as the Court deems appropriate;

f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

g. Inconvenience;

h. Interest;

i. Loss of enjoyment of life;

j. Mental anguish in the past[punctuation;

k. Mental anguish in the future;

l. Loss of earnings in the past;

m. Loss of benefits;

n. Humiliation.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Tina Roshea Hayes respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such

other and further relief to which the Plaintiff may be entitled at law or in equity.

                                                    RESPECTFULLY SUBMITTED,

                                                    *R. Nicole Stagg*   /s/
                                                    R. Nicole Stagg
                                                    Law Offices of James and Stagg, PLLC
                                                    1314 Texas Ave., Suite 701
                                                    Houston, Texas 77002
                                                    713-223-5811
                                                    Fax: 713-223-1416
                                                    Southern District Bar No: 635104
                                                    **Attorney for Plaintiff**

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

## NOTICE

Notice/service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701.